**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAHEED JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | No. 4:26-CV-01595<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 16, 2026**

Plaintiff Waheed Jenkins filed the instant *pro se* civil rights lawsuit in June 2026, asserting claims under 42 U.S.C. § 1983[1] regarding an incident that occurred in July 2025 at the State Correctional Institution in Coal Township, Pennsylvania (SCI Coal Township). Jenkins is proceeding *in forma pauperis*.[2] Because Jenkins' complaint is duplicative of a previous federal lawsuit, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. BACKGROUND

In his Section 1983 complaint, Jenkins alleges that while incarcerated at SCI Coal Township in July 2025, he fell off the top bunk in his cell and hit his head

---

1 Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

2 *See* Doc. 2; 28 U.S.C. § 1915.

during the fall.[3] According to Jenkins, a nurse came to his cell and administered Narcan, believing that Jenkins' symptoms (shaking and foaming) were indicative of a heroin overdose.[4] Jenkins was then held in the Restrictive Housing Unit (RHU) for the apparent drug use until his toxicology results came back negative.[5] He sues the Department of Corrections, Superintendent T. McGinley, Amy Wheary, and T. Fabrizeo.[6] He alleges that Defendants failed to protect him "from being administered the wrong medication," thus appearing to assert an Eighth Amendment failure-to-protect claim.[7]

Upon review of Jenkins' *pro se* complaint, the Court finds that it must be dismissed. Jenkins has already filed Section 1983 claims regarding this July 2025 incident,[8] which were dismissed with prejudice for failure to state a claim upon which relief may be granted. The present case, therefore, is barred by claim preclusion and is likewise frivolous and malicious.

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case or claim "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[9] This language closely

---

3 Doc. 1 at 4.
4 *Id.*
5 *Id.*
6 *Id.* at 1-3.
7 *Id.* at 4.
8 *See generally Jenkins v. Dep't of Corr.*, No. 4:25-cv-01680 (M.D. Pa.) (Brann, C.J.).
9 28 U.S.C. § 1915(e)(2)(B)(ii).

tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[10]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[11] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[12] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[13]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[14] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[15] Second, the court should distinguish well-

---

10 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

11 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

12 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

13 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

14 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

15 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[16] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[17] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

Because Jenkins proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[19]

## III. DISCUSSION

Upon careful review of Jenkins' complaint, the Court concludes that this case must be dismissed for two reasons. First, it is plainly barred by claim preclusion and therefore fails to state a claim upon which relief may be granted. Second, it is duplicative of prior litigation and is therefore frivolous and malicious. The Court will take each issue in turn.

### A. The Complaint is Barred by Claim Preclusion

Claim preclusion requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on

---

16 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
17 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
18 *Iqbal*, 556 U.S. at 681.
19 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

the same cause of action."[20] In evaluating whether these elements exist, courts do not proceed mechanically, but instead "focus on the central purpose of the doctrine[:] to require a plaintiff to present all claims arising out of the same occurrence in a single suit."[21] By doing so, courts "avoid piecemeal litigation and conserve judicial resources."[22] To that end, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."[23] When considering the third "cause of action" element, "the focus is on the facts rather than the legal theories," because claim preclusion bars a claim that "arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation."[24]

The elements of claim preclusion are satisfied here. Jenkins' previous Section 1983 claims were dismissed with prejudice for failure to state a claim upon which relief may be granted.[25] Dismissal with prejudice for failure to state a claim upon which relief may be granted constitutes a final judgment on the merits.[26] The first element of claim preclusion is met.

---

20 *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citation omitted).

21 *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).

22 *Id.* (quoting *Blunt*, 767 F.3d at 277).

23 *Id.* at 342 (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

24 *Id.* (quoting *Blunt*, 767 F.3d at 277).

25 *See Jenkins*, No. 4:25-cv-01680, Docs. 12, 15 (dismissing Section 1983 claims with prejudice and declining to exercise supplemental jurisdiction over any state-law claims).

26 *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 242 (3d Cir. 2022) ("A dismissal with prejudice operates as an adjudication on the merits and typically prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." (internal

In his prior lawsuit, Jenkins sued the Department of Corrections, Superintendent Thomas McGinley, Amy Wheary, Nurse Kevin Hall, and Corrections Officer Je. Shearn.[27] In the present lawsuit, he sues the Department of Corrections, Superintendent T. McGinley, Amy Wheary, and T. Fabrizeo. The fact that Jenkins substitutes a new defendant (T. Fabrizeo) in the instant case is of no matter. Any claim that was previously adjudicated on the merits (or should have been so adjudicated) and which is later reasserted against a closely related new defendant (here, Fabrizeo) is barred by nonmutual claim preclusion and application of *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950).[28] As the United States Court of Appeals for the Third Circuit has explained, when a plaintiff like Jenkins asserts "essentially the same claim against different defendants," courts have enlarged the scope of res judicata to exceed "any definable categories of privity between the defendants."[29]

---

quotation marks and citation omitted)); *Fairbank's Cap. Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (noting that "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect" (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972))).

27 *See Jenkins*, No. 4:25-cv-01680, Doc. 1 at 2-3, Doc. 13 at 2.

28 *See Gambocz*, 468 F.2d at 840-42 (concluding that second lawsuit asserting identical cause of action but adding several new but closely related defendants was barred *by res judicata* and *Bruszewski* doctrine); *Bruszewski*, 181 F.2d at 422; *see also* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4464.1, at 702 (3d ed. 2017) (concluding that one "cogent argument in favor of nonmutual claim preclusion is that the party to be precluded should have joined his new adversary in the original litigation").

29 *Bruszewski*, 181 F.2d at 422 & n.6.

Finally, the present suit is based on the same cause of action as the previous case. Jenkins raises an Eighth Amendment failure-to-protect claim based on the alleged July 2025 incident where he was given Narcan following a fall from his top bunk. This is the exact same Section 1983 claim involving the same set of facts raised in his prior lawsuit.[30] So the third element of claim preclusion is satisfied, too.

All three elements of claim preclusion are met. Therefore, Jenkins' complaint fails to state a claim upon which relief may be granted because his Section 1983 claims are barred by res judicata. Thus, dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is required.

### B. The Complaint is Duplicative and Frivolous

Duplicative claims may be dismissed as frivolous or malicious.[31] "As part of its general power to administer its docket, a district court may . . . dismiss a suit

---

30 *See Jenkins*, No. 4:25-cv-01680, Doc. 1 at 4, Doc. 11 at 3, 6.

31 *See Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that '[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.'" (citation omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that "[a] complaint that merely repeats pending or previously litigated claims may be considered abusive" such that it qualifies as "malicious"); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (affirming district court's dismissal of case as "frivolous" due to existence of prior complaint, then pending, alleging same conduct by same defendant).

that is duplicative of another federal court suit."[32] Indeed, "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation."[33]

Jenkins is plainly attempting to relitigate Section 1983 claims that have already been raised and adjudicated in federal court. His current lawsuit is duplicative of this prior litigation, so its filing can be considered frivolous and malicious.[34] Dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) is therefore appropriate as well.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[35] The Court will deny leave to amend, as it is clear that granting leave to amend would be futile. Jenkins is attempting to reassert claims that have already been adjudicated, which he cannot do.

---

[32] *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)).

[33] *Curtis*, 226 F.3d at 138 (citation and internal quotation marks omitted).

[34] *See Crisafi*, 655 F.2d at 1309.

[35] *Grayson*, 293 F.3d at 114.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Jenkins' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by claim preclusion and as frivolous and malicious. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge